UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.  3:08-CV-178 ) (VARLAN/SHIRLEY) |
| FRAZIER'S FLOORING, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion to Intervene of State Farm Fire and Casualty Company [Doc. 4], in which State Farm Fire and Casualty Company ("State Farm") seeks to intervene. Both parties to this action for declaratory judgment have filed responses in opposition to State Farm's motion. [*See* Docs. 6, 11.] For the reasons stated herein, the Court will deny State Farm's motion.

**I.     Relevant Facts**

Plaintiff, State Automobile Mutual Insurance Company ("State Auto"), and defendant, Frazier's Flooring, Inc. ("Frazier's Flooring"), were parties to an insurance contract issued by State Auto. The policy was in effect from October 1, 2006 through October 1, 2007. During that period of time, Frazier's Flooring contracted with Teresa Powers to install floor coverings in Mr. and Mrs. Powers's home. After the tile flooring was installed, Mrs. Powers was unhappy with the color of the grout used on the floor. To remove the disliked grout and

tile, Frazier's Flooring's subcontractor used a grinder, saw, and/or other abrasive devices, which allegedly caused carcinogenic dust to be dispersed throughout the house.

As a result, Mrs. Powers filed claims for personal injury and property damage against Frazier's Flooring. Frazier's Flooring notified State Auto of the claims and sought coverage pursuant to the insurance policy. State Auto filed this declaratory judgment action alleging that the grout dust meets the definition of pollutant, and therefore, State Auto does not have a duty to defend or indemnify Frazier's Flooring for Mrs. Powers's claims because the policy excludes coverage related to the dispersal of pollutants.

State Farm issued a homeowner's insurance policy to Mr. and Mrs. Powers which covers the losses they allegedly suffered as a result of Frazier's Flooring's actions. Mr. and Mrs. Powers filed a claim under the policy and State Farm paid them $133,448.87 in settlement of their damages to their person and home. State Farm alleges that it would be subrogated to the rights Mr. and Mrs. Powers have against Frazier's Flooring and that any payment by State Auto on behalf of Frazier's Flooring pursuant to their insurance policy could potentially satisfy some or all of the damages paid by State Farm to Mr. and Mrs. Powers.

**II.     Analysis**

State Farm seeks to intervene either as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), or permissively pursuant to Federal Rule of Civil Procedure 24(b). Rule 24 provides in pertinent part:

2

**(a) Intervention of Right**. Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention**. Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

### A. Intervention as a Right

To intervene as a matter of right, proposed intervenors must establish "(1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). The Court agrees with the parties that State Farm does not have a substantial legal interest in the subject matter of this case, and therefore, it does not have a right to intervene.

The Sixth Circuit has not clearly defined what constitutes a substantial legal interest in the subject matter of a case, but it has noted that the interest must be significantly protectable. *See Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989)*; see also Redland Ins.*

3

*Co. v. Chillingsworth Venture, Ltd.*, 171 F.R.D. 206, 207 (N.D. Ohio 1997). In determining whether proposed intervenors have a substantial interest, the court must engage in a fact-specific inquiry. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 2007).

The specific issue before the Court is whether a party seeking to intervene in a declaratory action regarding an insurer's duty to defend and/or indemnify a party against which the proposed interveners have a claim has a substantial legal interest. Most courts which have considered this issue have determined that when the proposed intervenor's interest is contingent or hypothetical, the intervenor does not have a substantial protectable interest. *See, e.g.*, *Trinity Universal Ins. Co. v. Turner Funeral Home*, No. 1:02-CV-231, 2003 WL 25269317 (E.D. Tenn. Sept. 18, 2003); *Redland*, 171 F.R.D. 206.

In *Trinity*, proposed intervenors were individuals of deceased loved ones who sued Turner Funeral Home, Inc. ("Turner") for various claims arising from the discovery of uncremated, improperly disposed of human remains on or around the property of an allegedly unlicenced crematory, Tri-State Crematory, Inc. ("Tri-State"). 2003 WL 25269317, at *1. The proposed intervenors sought to intervene in three consolidated declaratory judgement actions in which insurance companies were seeking a determination that they were not liable to Turner with respect to Turner's association with Tri-State. *Id.* After giving an overview of the limited case law considering the specific issue, the *Trinity* court denied intervention because "the potential intervenors lacked a 'significantly protectable interest' as their claims in the underlying action were all potential/contingent claims." *Id.* at 7.

4

The *Redland* court reached the same result as the *Trinity* court. In *Redland*, the representatives of passengers killed in a helicopter crash sought to intervene in an action for declaratory judgment between the owner of the helicopter and the owner's insurance company. 171 F.R.D. at 206. The insurance company sought a declaratory judgment determining whether it had an obligation to defend and/or indemnify the owner of the helicopter. *Id.* The court denied the representatives' motions to intervene because they had not obtained a judgment in their favor in the tort action against the helicopter's owner, and therefore, had no more than a hypothetical interest in the declaratory judgment. *Id.* at 208. The court stated, "Absent a present, noncontingent interest in the insurance policies at issue in the declaratory judgment action, [potential intervenors] lack the 'significantly protectable interest' required for intervention as a right. Consequently, movants fail to satisfy the 'substantial legal interest' element and thus, are not entitled to intervene as 'of right.'" *Id.* at 208.

Similarly, in this case State Farm claims that they would be entitled to subrogation if the homeowners receive any payment from either Frazier's Flooring or State Auto to the extent they have paid claims for damages. [Doc. 4.] Therefore, any claim State Farm would have is contingent upon Mr. and Mrs. Powers recovering from either Frazier's Flooring or State Auto. This declaratory judgment action will not reach that issue and, thus, State Farm does not have a substantial legal interest in this case and will not be permitted to intervene as a right.

The Court acknowledges that in some cases in which it appears that the insured is insolvent, courts have granted motions to intervene in a declaratory judgment action to determine the duties of an insurance company despite the lack of a vested interest. *See St. Paul Fire & Marine Ins. Co. v. Summit-Warren Indus. Co.*, 143 F.R.D. 129 (N.D. Ohio 1992); *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986). *But see Liberty Mut. Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 660 (D. Penn. 1997) (denying intervention as a right because the proposed intervenor's interest was contingent even though the insured party was insolvent.) The courts in both *St. Paul* and *Greaves*, based their decisions, at least in part, on the fact that the proposed intervenors may have been left without a remedy if the declaratory judgment actions were decided in favor of the insurance companies due to the insolvency of the insured. *See St. Paul*, 143 F.R.D. at 134; *Greaves*, 110 F.R.D. at 552-553. Theses cases are distinguishable from the present case because there has not been in allegation that Frazier's Flooring would be unable to compensate State Farm if State Farm were to prevail in an action against Frazier's Flooring. *See Trinity*, 2003 WL 25269317, at *7 (distinguishing the case based upon the lack of an allegation of insolvency).

### B. Permissive Intervention

To intervene under Rule 24(b), proposed intervenors "must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Miller*, 103 F.3d at 1248). If both of those requirements are satisfied, the court must turn to a balancing of "undue delay and prejudice to the original parties, if any, and any other relevant factors to determine

6

Case 3:08-cv-00178-TAV-CCS   Document 25   Filed 12/23/08   Page 6 of 8   PageID #: 337

whether, in the court's discretion, intervention should be allowed." *Id.* The Court finds that State Farm does not allege a common question of law or fact with the underlying declaratory judgment action, and therefore, there is no need to the discuss the timeliness of State Farm's motion or the delay or prejudice intervention would cause to the original parties.

Permissive intervention requires that proposed intervenors have a claim or defense "in common with the main action [and] not just a general interest in its subject matter or outcome." *Liberty*, 76 F.R.D. at 660 (citation omitted). In *Liberty*, the court found that the proposed intervenor did not have a claim with common questions of fact or law explaining:

> In the main action for declaratory judgment, the claims of the plaintiff Liberty Mutual involve the obligations, if any, of Pacific Indemnity and American Home to defend or indemnify W. T. Grant Company [the company Liberty insures] in the state personal injury action. These claims present various questions about the interpretation of various insurance policies. The basis of Koenig's [the proposed intervenor] motion is not that he along with Liberty Mutual holds any "claims or defenses" against the defendants; it is rather a concern that his recovery in the state action may exceed the policy limits of the insurance agreement between Liberty Mutual and W. T. Grant Company. . . . Any claim for indemnity belongs to W.T. Grand and Liberty Mutual, not to Koenig.

*Id.*

The Court finds the same rationale determinative here. At issue in the case before the Court is whether State Auto has an obligation to defend or indemnify Frazier's Flooring for any claim asserted by Mr. and Mrs. Powers. [*See* Doc. 1-3.] The issue in the declaratory judgment action is whether the dispersal of grout dust was excluded from the contract on the basis of the dust being a pollutant. [*Id.*] The basis of State Farm's motion to intervene is State Farm's claim that it would be subrogated to right the Mr. and Mrs. Powers may have

7

to recover from Frazier's Flooring. [*See* Doc. 4.] State Farm does not assert any claim with a common question of law or fact with the declaratory judgment action. Accordingly, the Court will not permit State Farm to intervene permissibly.

## III.    Conclusion

For the foregoing reasons, the Motion to Intervene of State Farm Fire and Casualty Company [Doc. 4] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE